## 63018. SMITH v. ADAMS.

POPE, Judge.

A. B. Smith, the Solicitor of the State Court of Glynn County, was held in contempt of court by R. F. Adams, Judge of the State Court. On June 17, 1981 during the non-jury trial of a criminal defendant, the judge found the accused guilty of public drunkenness but not guilty of obstructing a police officer on the ground that the defendant was too intoxicated at the time of the arrest to have formed the requisite intent to interfere with the officer. The solicitor stated that he did not believe that voluntary intoxication was a defense to a crime and stated, "You mean that if someone got drunk, and robbed the First National Bank, that he could not be criminally responsible because he was intoxicated? I have been practicing law for twenty-two years, and have never heard of that rule of law." The solicitor states that Judge Adams responded, "Evidently you haven't learned much in twenty-two years. I have been practicing law for forty years, and that's the law." Solicitor Smith responded, "Well, you can't tell it."

At that point, the judge held the solicitor in contempt and sentenced him to twenty-four hours in jail. The solicitor filed a notice of appeal; a motion for supersedeas was denied. The solicitor next filed an application for supersedeas with this court, which was granted so as to prevent the issue from becoming moot until the merits of this appeal could be heard. See *Garland v. Tanksley,* 99 Ga. App. 201 (1) (107 SE2d 866) (1959).

1. On appeal the solicitor urges that the judge erred in failing to recuse himself and allow another judge to conduct a hearing. " 'The power to punish for contempts is inherent in every court of justice. It is absolutely necessary that a court should possess this power in order that it may carry on the administration of justice and preserve order and decorum in the court.' " *Garland v. State of Ga.,* 99 Ga. App. 826, 831 (110 SE2d 143) (1959). " 'It is a settled doctrine in the jurisprudence both of England and of this country, never supposed to be in conflict with the liberty of the citizen, that for direct contempts committed in the face of the court, at least one of superior jurisdiction, the offender may, in its discretion, be instantly

apprehended and immediately imprisoned, without trial or issue, and without other proof than its actual knowledge of what occurred; and that, according, to an unbroken chain of authorities, reaching back to the earliest times, such power, although arbitrary in its nature and liable to abuse, is absolutely essential to the protection of the courts in the discharge of their functions. Without it, judicial tribunals would be at the mercy of the disorderly and violent, who respect neither the laws enacted for the vindication of public and private rights, nor the officers charged with the duty of administering them.' " *White v. George,* 195 Ga. 465, 469-470 (24 SE2d 787) (1943). As this was a case of direct contempt committed in the face of the court, Judge Adams did not err in failing to recuse himself and allow another judge to conduct a hearing.

2. The solicitor claims as error the fact that no court reporter was present and no transcript is available of the hearing at which the purported contemptuous remarks were made. Therefore, he contends it is impossible for this court to pass upon the merits of the case. We disagree.

The order of the court finding the solicitor in contempt contains findings of fact fully revealing the exact language the court found contemptuous. Further, accepting the solicitor's affidavit, which quotes the language which he used at the hearing, this court has sufficient information to determine whether a contempt has in fact been committed; therefore, this enumeration has no merit.

3. The solicitor contends Judge Adams abused his discretion in holding him in contempt of court. Words which bring the court into disrespect, which offends its dignity or affronts its majesty, or challenges its authority, constitute contempt. A solicitor is an officer of the court and whenever he impedes or obstructs the administration of justice by the use of contemptuous words he may be properly punished.

In our view, the language used by the solicitor in the present case was contemptuous as it tended to embarrass the administration of justice. Therefore, Judge Adams did not abuse his discretion by finding Solicitor Smith in contempt of court.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 12, 1982 —
REHEARING DENIED MARCH 26, 1982 —

*J. Alvin Leaphart,* for appellant.
*W. Douglas Adams,* for appellee.